# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH C. GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-4503 |
| | § | |
| CARMELLA JONES, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Joseph C. Garcia is a Texas death row inmate. He is scheduled for execution on December 4, 2018. Defendants are the Governor of Texas, and members of the Texas Board of Pardons and Paroles ("Board").

Garcia filed a civil rights complaint under 42 U.S.C. § 1983, alleging that the makeup of the Board violates his rights under the Eighth and Fourteenth Amendments. He seeks declaratory and injunctive relief, including a stay of his execution.

## I. Background

The facts of the underlying capital murder case are not relevant to the complaint in this case. Garcia is scheduled for execution on December 4, 2018. He filed this complaint on November 29, 2018, three business days and five calendar days before his scheduled execution. His complaint notes that Texas law requires that the Board be "representative of the general public." He alleges that the current Board consists of seven members, six of whom are current or former officials of either a law enforcement agency or the Texas Department of Criminal Justice, and that the seventh is a former state government employee. He further states that six of the seven Board members are

male. Garcia contends that: for these reasons the Board, in violation of Texas law, is not representative of the general public; this violation of Texas law deprives him of a constitutionally protected liberty interest; and allowing his execution under these circumstances would violate his Eighth Amendment right to be free from cruel and unusual punishment.

## II. Analysis

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

### A. Standard For Injunctive Relief

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may grant a preliminary injunction only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987) (citing *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985); *Clark,* 812 F.2d at 993.

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 997 (5th Cir.1985). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Mississippi Power & Light Co.,* 760 F.2d at 621. Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Mississippi Power & Light,* 760 F.2d at 621.

**B.    Timing**

Equitable relief should be denied when the plaintiff is dilatory in bringing his action so as to delay execution of his sentence. "Equity must take into consideration the State's strong interest in proceeding with its judgment . . . A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." *Gomez v. United States District. Ct.*, 503 U.S.653, 654 (1992) (per curiam).

The current Board membership has been in place for more than five months – since June of this year, when defendant Carmella Jones was appointed. *See* http://gov.texas.gov/news/post/governor-abbott-appoints-jones-to-board-of-pardons-and-paroles; http://www.tdcj.texas.gov/bpp/brd_members/brd_members.html (and individual Board member links therein). Garcia filed his clemency application with the Board three weeks ago, on November 8, 2018. *See* Docket Entry 1-3, at 33. Garcia knew as early as June, and certainly no later than November 8, that this Board would be the one reviewing his application. There was no valid reason

for Garcia to wait until three business days before his scheduled execution to seek a stay. The dilatory nature of Garcia's action is sufficient reason to deny relief.

## C. Likelihood of Success on the Merits

It is beyond dispute that a prisoner has no constitutional right to clemency. Rather, "clemency and pardon powers are committed, as is our tradition, to the authority of the executive." *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272 (1998). As a result, "pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981).

Garcia does not contend that he has a right to clemency, but rather that Texas law creates a liberty interest in the makeup of the Board that reviews clemency applications. While it is true that a state can create a constitutionally protected liberty interest through its own laws, there can be no liberty interest in procedures pertaining to a non-existent underlying right.

> A state-created right can, in some circumstances, beget yet other rights to procedures essential to the realization of the parent right. *See Meachum v. Fano*, 427 U.S. 215, 226, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). Plainly, however, the underlying right must have come into existence before it can trigger due process protection. *See, e. g., Leis v. Flynt*, 439 U.S. 438, 442-443, 99 S.Ct. 698, 701-702, 58 L.Ed.2d 717 (1979).

*Dumschat*, 452 U.S. at 463. Thus, Garcia has neither a right to clemency nor to any particular procedures used to evaluate his clemency application.

At most, Garcia's complaint alleges a violation of Texas law. Section "1983 confers no substantive rights, but merely provides a remedy for the violation . . . of rights secured under the Constitution and laws of the United States." *Southwestern Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008)(internal quotation marks and citation omitted). Therefore, Garcia's complaint fails to state a cognizable claim and must be dismissed.

**III.    Order**

It is ORDERED that Garcia's Motion for Preliminary Injunction (Docket Entry 1-22) is **DENIED**; and

It is FURTHER ORDERED that the complaint (Docket Entry1-2) is DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on November 30, 2018.

_____
Gray H. Miller
United States District Judge